UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYLORD ROGERS,

               Petitioner,

v.

PEOPLE OF THE STATE OF MICHIGAN,

               Respondent.

Case No. 24-cv-12024
Honorable Shalina D. Kumar

**OPINION AND ORDER DISMISSING THE PETITION
FOR WRIT OF HABEAS CORPUS WITH PREJUDICE (ECF NOS. 1, 3), DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

### I.    Introduction

Petitioner Gaylord Rogers ("Rogers") is a state inmate in the custody of the Michigan Department of Corrections (MDOC). While he was a pretrial detainee, Rogers filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. *See* Pet., ECF Nos. 1, 3. At the time Rogers filed the petition, he was awaiting trial in the Wayne County Circuit Court on charges for second-degree murder, discharge of a firearm in a building causing death, and two counts of felony-firearm. On December 9, 2024, Rogers pleaded guilty to second-degree murder.

The Court has carefully reviewed the petition, and for the reasons explained below, the petition is denied. The Court also declines to issue a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

**II.     Background**

Rogers was a pretrial detainee awaiting trial in the Wayne County Circuit Court when he initiated the present habeas action. In his amended petition, Rogers seeks habeas relief on the basis that he was detained without due process. ECF No. 3, PageID.30. He also challenged the state court's jurisdiction over his criminal case as well as the legality of the charging document. Publicly available records for the Wayne County Circuit Court show that Rogers was scheduled for trial on December 9, 2024.

On December 9, 2024, Rogers pleaded guilty to second-degree murder. On January 15, 2025, the trial court sentenced him to 14 to 30 years in prison. According to his offender profile on the MDOC's Offender Tracking Information System ("OTIS"), Rogers is now presently confined at the Charles Egeler Reception and Guidance Center in Jackson, Michigan.

### III. Legal Standard

Upon the filing of a habeas corpus petition, the Court must examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases.

### IV. Discussion

"A petition for a writ of habeas corpus must present facts that give rise to a federal cause of action, or it may be summarily dismissed." *Switek v. Michigan*, 587 F.Supp.2d 622, 624 (E.D. Mich. 2021). A pretrial detainee may pursue habeas relief under 28 U.S.C. § 2241(c)(3) if he is in custody in violation of the Constitution or laws or treaties of the United States. *Phillips v. Hamilton Cnty. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). "In the absence of 'special circumstances,' federal habeas relief is not

available to review the merits of an affirmative defense to a state criminal charge before the state court issues a judgment of conviction." *Id*. at 625 (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973)). In other words, "[a] state criminal case is ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his direct appeals." *Id*. (citing *Allen v. Att'y Gen. of Me.*, 80 F.3d 569, 572 (1st Cir. 1996)).

The Sixth Circuit has recognized three exceptions that permit a federal court to consider a pre-trial habeas petition: (1) the petitioner seeks a speedy trial and available state-court remedies have been exhausted; (2) the petitioner seeks to avoid a second trial on double jeopardy grounds; (3) and the petitioner faces prejudice from retrial based on ineffective assistance of counsel. *See Hill v. Welsh*, No. 21-1759, 2022 WL 17493380, at *1 (6th Cir. June 24, 2022) (citing *Atkins*, 644 F.2d at 546; *Delk v. Atkinson*, 665 F.2d 90 (6th Cir. 1981); and *Turner v. Tennessee*, 858 F.2d 1201, 1208-09 (6th Cir. 1988), vacated on other grounds 492 U.S. 902 (1989)).

Rogers' petition is subject to dismissal. First, Rogers has not presented a "special circumstance" justifying federal court intervention at the pretrial stage. Second, even if Rogers successfully alleged a special circumstance, his § 2241 habeas claims are mooted by his recent conviction.

A pretrial detainee's § 2241 petition becomes moot if the detainee is convicted of the state charges pending against him. *See Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982) (per curiam) (a pretrial detainee's claim to pretrial bail becomes moot once convicted); *see also Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993) (pretrial detainee's § 2241 petition denied as moot after conviction); *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (same); *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir.1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."); *see also Stampone v. Lajoye-Young*, No. 22-1464, 2022 WL 3651312, at *1 (6th Cir. Aug. 1, 2022). Since Rogers has been convicted after initiating this § 2241 habeas action, his claims arising from his pretrial detention are moot.  Rogers is not entitled to habeas relief under § 2241.

Under proper circumstances, a pretrial § 2241 petition may be re-characterized as a petition under 28 U.S.C. § 2254 after the petitioner is convicted in state court. *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019). However, such a re-characterization is not proper under the circumstances

5

as Rogers has yet to appeal his conviction and sentence in the state court. Rogers' claims must be exhausted first.

## V. Conclusion

For the reasons stated, the Court concludes that Rogers is not entitled to federal habeas relief. Accordingly, the Court **DISMISSES WITH PREJUDICE** the habeas petition.

Before Rogers may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b); *Winburn v. Nagy*, 956 F.3d 909, 911-912 (6th Cir. 2020) (ruling that a state pre-trial detainee must obtain a certificate of appealability to appeal the denial of a habeas petition). A court may grant a certificate of appealability only when a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if the petitioner demonstrates that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that reasonable jurists would find it

debatable whether the court was correct in its procedural ruling. *Id*. Rogers makes no such showing. Reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

This case is closed.

**IT IS SO ORDERED.**

                                                    s/Shalina D. Kumar
                                                    SHALINA D. KUMAR
                                                    United States District Judge

Dated:  April 30, 2025